UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Kate Spade LLC and Coach Services, Inc.**, <br>　　　　Plaintiffs, <br><br>　　v. <br><br>**Vinci Brands LLC**, <br>　　　　Defendant. | Civil Action No.: |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN EXHIBITS TO PLAINTIFFS' VERIFIED COMPLAINT AND JURY DEMAND AND TO DECLARATION OF CHARLOTTE WARSHAW IN SUPPORT OF APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs Kate Spade LLC and Coach Services, Inc. (collectively, "KSNY") in support of their motion ("Motion") for leave to file certain exhibits to KSNY's Verified Complaint and Jury Demand ("Verified Complaint") and to the Declaration of Charlotte Warshaw in Support of KSNY's Application for a Temporary Restraining Order and Preliminary Injunction ("Warshaw Declaration") under seal, submit the following:

**INTRODUCTION**

Good cause exists to seal Exhibits 2-9, 15-17, 20-21, 21, and 24-25 ("Designated Exhibits") to the Verified Complaint and Warshaw Declaration. KSNY and Vinci Brands LLC ("Defendant") agreed to maintain the confidentiality of the License Agreement at issue in this case, including the amendments thereto.

**BACKGROUND**

KSNY, as owner of the license, entered into a non-exclusive license agreement with Vinci's predecessor, dated April 25, 2014 ("License Agreement"). (Verified Complaint, ¶ 35; Exh.

2.) The License Agreement contains a confidentiality clause that requires both parties to keep certain business, financial, and/or technical information (defined in the agreement as "Confidential Information"), including the terms of the License Agreement, confidential. (*Id.*, § 15.1.)

## ARGUMENT

"It is beyond question that a court may issue orders prohibiting disclosure of documents or information." *F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1948)).

Courts within the Second Circuit routinely seal judicial documents containing confidential information protected from disclosure by law. *Mersen USA EP Corp. v. TDK Elecs. Inc.*, 594 F. Supp. 3d 570, 585-88 (S.D.N.Y. 2022) (complaint filed under seal because it contains purported confidential trade information that is the subject of the litigation); *Pro. Sound Servs., Inc. v. Guzzi*, No. 02 CIV. 8428(DC), 2003 WL 22097500, at *1 (S.D.N.Y. Sept. 10, 2003*), aff'd*, 159 F. App'x 270 (2d Cir. 2005) (complaint filed under seal to keep customer names confidential); *Leonard as Tr. of Poplawski 2008 Ins. Tr. v. John Hancock Life Ins. Co. of New York*, No. 18-CV-4994-AKH, 2020 WL 1547486, at *1-*2 (S.D.N.Y. Mar. 31, 2020) (granting motion to file complaint under seal where complaint quotes or paraphrases information protected from disclosure by law).

The documents proposed for sealing contain potential Confidential Information (as defined in the License Agreement). Section 15.1 of the License Agreement requires the parties to keep Confidential Information confidential. The potential public interest (if any) in learning the

specifics of the potential Confidential Information is outweighed by the interest in protecting the confidentiality agreed to by the parties to the License Agreement.

The proposed sealing is narrowly tailored to achieve the goal of protecting the confidentiality of the potential Confidential Information that the parties agreed to keep confidential. KSNY proposes filing under seal only exhibits or portions thereof that contain potential Confidential Information, as follows: (i) Exhibits 2-9, 15, 16, and 23 under seal in their entirety, and (ii) Exhibits 19, 20, and 24 publicly in redacted form, and in unredacted form under seal – all so that Selected Parties will have access to the sealed filings..

## CONCLUSION

For the reasons set forth above, KSNY respectfully requests that the Court grant its Motion.

Dated: June 26, 2023

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: _/s/ Christine B. Cesare_
Christine B. Cesare
Thomas J. Schell
Jane R. Ernst
1290 Avenue of the Americas
New York, NY 10104
T: (212) 541-2000
cbcesare@bclplaw.com
tjschell@bclplaw.com
jane.ernst@bclplaw.com
*Attorneys for Plaintiffs*