UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATE SPADE, LLC and COACH SERVICES, INC,<br><br>                Plaintiffs,<br><br>v.<br><br>VINCI BRANDS, LLC,<br><br>                Defendant. | **23 Civ.**<br><br>**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARTY RESTRAINING ORDER** |

**UPON** the annexed declaration of Charlotte Warshaw, executed on the 26th day of June 2023, together with the exhibits, and upon the Plaintiffs' Verified Complaint, filed in this action on the 26th day of June, with good and sufficient cause appearing; it is hereby:

**ORDERED** that Defendant Vinci Brands, LLC show cause before this Court, at Room 1106, Thurgood Marshall United States Courthouse, 40 Foley Square, in the City, County and State of New York, on _____, 2023, at _____ a.m./p.m. thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendant and all persons or entities acting in concert and participating with Defendant, during the pendency of this action from:

    (a) Using, manufacturing (subject to License Agreement Section 12.3), exploiting, advertising, merchandising, promoting, selling, distributing or dealing in or with any and all mobile phone cases, battery cases, back-up portable batteries for mobile phones, tablet cases/sleeves, protective technology cases, and other mobile accessories that include, feature, use, reproduce, or otherwise appropriate any and all kate spade® and kate spade new york® trademarks (individually and collectively the "Kate Spade®

1

Marks")[1] and any derivation, component, variation or simulation thereof, or any trademark, service mark, trade name, or other designation of source confusingly similar therewith;

(b) Using, manufacturing, exploiting, advertising, merchandising, promoting, selling, distributing or dealing in or with any and all merchandise concepts, design concepts, packaging, merchandise, sketches, designs, colorways, samples, or labels provided or employed under or in connection with the License Agreement;

(c) Communicating (written or verbal) with manufacturers, distributors, marketers, resellers, retailers, consumers, and end users, including but not limited to Plaintiffs' and its licensee Case-Mate, Inc.'s manufacturers, distributors, marketers, resellers, retailers, consumers, and end users, stating, suggesting, implying, or otherwise indicating that (i) the License Agreement was not terminated, (ii) the License Agreement remains in full effect, (iii) Defendant Vinci Brands, LLC holds a valid and enforceable license to, or is otherwise authorized to, manufacture (subject to License Agreement Section 12.3), exploit, advertise, merchandise, promote, sell, distribute or deal in or with any and all mobile phone cases, including battery cases, back-up portable batteries for mobile phones, tablet cases/sleeves, protective technology cases, and other mobile accessories that include, feature, use, reproduce, or otherwise appropriate any and all Kate Spade® Marks and any derivation, component, variation or simulation thereof, or any trademark, service mark, trade name, or other designation of source confusingly similar therewith;

(d) Representing itself as authorized to, and capable of, accepting, placing and fulfilling

---

[1] The Kate Spade® Marks include those at common law and those registered with the U.S. Patent & Trademark Office as listed in Exhibit A to Plaintiffs' Verified Complaint.

orders for technology cases and mobile device accessories bearing the Kate Spade® Marks, including phone case products; and it is further

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that Defendant Vinci Brands, LLC and all persons or entities acting in concert and participation with Defendant is temporarily restrained and enjoined from:

(a) Using, manufacturing (subject to License Agreement Section 12.3), exploiting, advertising, merchandising, promoting, selling, distributing or dealing in or with any and all mobile phone cases, battery cases, back-up portable batteries for mobile phones, tablet cases/sleeves, protective technology cases, and other mobile accessories that include, feature, use, reproduce, or otherwise appropriate any and all Kate Spade® Marks and any derivation, component, variation or simulation thereof, or any trademark, service mark, trade name, or other designation of source confusingly similar therewith;

(b) Using, manufacturing, exploiting, advertising, merchandising, promoting, selling, distributing or dealing in or with any and all merchandise concepts, design concepts, packaging, merchandise, sketches, designs, colorways, samples, or labels provided or employed under or in connection with the License Agreement, and is required to promptly deliver the same and all Merchandising Materials under the License Agreement to Plaintiffs;

(c) Communicating (written or verbal) with manufacturers, distributors, marketers, resellers, retailers, consumers, and end users, including but not limited to Plaintiffs' and its licensee Case-Mate, Inc.'s manufacturers, distributors, marketers, resellers,

retailers, consumers, and end users, stating, suggesting, implying, or otherwise indicating that (i) the License Agreement was not terminated, (ii) the License Agreement remains in full effect, (iii) Defendant Vinci Brands, LLC holds a valid and enforceable license to, or is otherwise authorized to, manufacture (subject to License Agreement Section 12.3), exploit, advertise, merchandise, promote, sell, distribute or deal in or with any and all mobile phone cases, including battery cases, back-up portable batteries for mobile phones, tablet cases/sleeves, protective technology cases, and other mobile accessories that include, feature, use, reproduce, or otherwise appropriate any and all Kate Spade® Marks and any derivation, component, variation or simulation thereof, or any trademark, service mark, trade name, or other designation of source confusingly similar therewith;

(d) Representing itself as authorized to, and capable of, placing and fulfilling orders for technology cases and mobile device accessories bearing the Kate Spade® Marks, including phone case products;

(e) Further breaching, inducing a breach of, defaulting on, or inducing a default of the License Agreement, including the post-termination obligations required by Section 12 and any post-termination audit requested by Plaintiffs; and it is further

**ORDERED** that security in the amount of $_____ be posted by the Plaintiffs prior to _____, 2023, at _____ a.m./p.m. thereof; and it is further

**ORDERED** that service of a copy of this order, the annexed Declaration of Charlotte Warshaw, executed on the 25th day of June, 2023, and the Plaintiffs' Verified Complaint be made upon Defendant Vinci Brands, LLC or its counsel by _____, such service on or before _____ a.m./p.m. on _____, 2023, shall be deemed good and sufficient service thereof;

and it is further

      **ORDERED** that Defendant shall file opposition papers, if any, by _____, 2023


DATED:    _____

ISSUED:    New York, New York


                                            _____
                                                          **Lorna G. Schofield**
                                            **United States District Judge**