The Court is not convinced that KSNY has conducted in good faith its ESI review with respect to Vinci's and ACS's discovery requests.  KSNY shall conduct the searches requested by Vinci and ACS in their respective letters at Dkts. 204 and 205 in Case No. 23 Civ. 5409, as narrowed by the parties' meet-and-confers and any prior orders of this Court.  Refusal to act in good faith in the discovery process will result in sanctions.  So Ordered.

The Clerk of Court is respectfully directed to close the motions at Dkt. 253 in Case No. 23 Civ. 5138 and Dkts. 204 and 205 in Case No. 23 Civ. 5409.

Dated: March 5, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: **Vinci Brands LLC v. Coach Services, Inc. et al. – 1:23-cv-05138-LGS  ("Vinci Action") and Kate Spade LLC et al. v. Vinci Brands LLC et al. – 1:23-cv-05409-LGS ("KSNY Action")**
**Vinci's letter motion for a pre-motion discovery conference**

Dear Judge Schofield:

Pursuant to Rule III.C.3 of Your Honor's Individual Rules and Local Rule 37.2, Vinci Brands LLC ("Vinci") respectfully requests a pre-motion discovery conference regarding deficiencies with the document productions and ESI discovery efforts of Kate Spade LLC, Coach Services, Inc., and Tapestry, Inc.'s (collectively "KSNY").[1]

Although Vinci served its First Set of Requests for Production on KSNY on November 20, 2023, Vinci did not begin receiving responsive documents until 17 days ago.  KSNY is to make a final production by March 8, 2024, and the first deposition is scheduled for March 21, 2024. (Dkt. #232).  In the ESI Protocol, the parties agreed that Vinci's ESI review hours cap would be increased to 200 hours[2] whereas KSNY's cap would be increased to 240 hours.  (Dkt. # 233).  Vinci initially requested that KSNY's ESI hours be expanded to 320 hours on the basis that KSNY is three entities and three individually named parties, with three individual sets of employees, officers, etc., and that this litigation is actually two complex lawsuits being prosecuted in tandem with one another, and thus requiring additional efforts by the parties.  Vinci agreed to KSNY's hours under the assumption that KSNY would proceed in good faith; KSNY has not.

Given the trend of discovery it has received to date, and the production deadline of March 8, Vinci has cause for concern as it is being prejudiced and prevented from receiving responsive documents necessary for it to fairly prosecute its claims and defenses.  After receiving three minuscule document productions from KSNY in this multi-million-dollar litigation, it is clear that its ESI efforts are not sufficient to meet the needs of this case and/or KSNY has not been proceeding in good faith.

|  | # of Documents Produced | |
|---|---|---|
|  | KSNY | Vinci |
| 2/16/24 | 575 | 349 |
| 2/23/24 | 573 | 367 |

---

[1] Counsel have conferred numerous times on the parameters of ESI, including most recently on Friday, March 1 followed by several emails over the weekend and several emails today from Vinci.  However, the parties were unable to reach a reasonable compromise.  Case-Mate and Vinci are engaged in similar, on-going discussions.

[2] Vinci has maintained throughout that it views its hours cap as a guide and that it would undertake all reasonable (and mutually reciprocated) efforts to produce relevant documents so that the parties can have a fair litigation.

| | | |
|---|---|---|
| 3/1/24 | 631 | 2442 |
| TOTAL | 1,779 | 3,158 |

To Vinci's amazement, despite having only produced 1,779 documents[3] to date, KSNY represented to Vinci on Friday, March 1, 2024, that KSNY has already expended its full 240 hours.[4] Further, in an email from KSNY's counsel dated March 3, 2024, KSNY stated that it has expended approximately 320 hours and that it has reviewed "close to 10,000 documents." However, this results in a review rating of only **31 documents per hour**. This must be contrasted with Vinci's efforts – Vinci has reviewed more documents in less hours. Vinci has reviewed 10,715 documents to date, in only 152 hours which equates to a review rate of **70.5 documents per hour**.

  KSNY's ratio of hours expended, documents reviewed, and documents produced are not in line with industry customs. This can mean only one of two things: either KSNY failed to utilize its ESI hours efficiently, or it expended its hours in bad faith. Regardless, KSNY is in degradation of its duty to perform ESI reviews in good faith, and producing parties bear the burden of showing that the search was "effectively designed and efficiently conducted." Individual Rule II. A.1.(d). For instance, KSNY unilaterally selected several search terms to prioritize for its review that would yield the most mundane results furthest away from the true issues in this case, and then, unbeknownst to Vinci, ate through all of its 240 hours focusing solely on those limited search terms while, at the same, objecting to identifying the suppliers, customers, and other entities with whom it communicated regarding Vinci and the termination of the license agreement so that Vinci would not have an opportunity to refine the agreed-upon list of search terms.[5] The selected search terms, however, had an unreasonably low responsive rate as reflected in the low volume of production which, under the rules, should have been identified by KSNY and reported to Vinci.

  Not only are the production numbers egregiously low, but the documents that have been produced are of low value which evinces a lack of good faith in the discovery process. The overwhelming majority of the documents produced by KSNY are correspondence in which Vinci was a party to, meaning they are documents which Vinci already has in its custody and control; only 36 emails were produced in which Vinci was not either the author or a recipient. Further, based on Vinci's initial review of KSNY's 1,779 produced documents, KSNY has failed to substantially produce the following categories of documents which go to the heart of the issues in dispute: CM royalty reports, invoices and sales data; documents regarding KSNY's decision to terminate Vinci; documents regarding CM negotiations; documents regarding Vinci's in-process goods; documents regarding Vinci's post-termination rights; documents pertaining to its 10Q statements; documents pertaining to Vinci's customers and suppliers; or documents in support of KSNY's trademark claims. KSNY has also failed to produce any documents responsive to Vinci's Document Requests that do not fall within the purview of the ESI Protocol.

---

[3] Vinci estimates that 25% of KSNY's production is marked Attorneys Eyes Only as an improper attempt to prevent Vinci's principals from viewing the documents.

[4] Vinci has requested an accounting of hours from KSNY, pursuant to Your Honor's Individual Rule II. A.1(d), both on Friday, March 1 and again on Sunday, March 3. As of the time of filing, Vinci has not received a response from KSNY though Vinci has provided its same metrics to KSNY.

[5] Vinci served its First Set of Interrogatories on November 20, 2023, and KSNY finally provided this basic information on February 29, 2024.

As soon as Vinci realized the extent of KSNY's gamesmanship, Vinci sought to revise its search terms and worked with KSNY to more narrowly focus the documents it sought from KSNY.[6] Not only did Vinci revise its search strings, but Vinci also cut KSNY's custodians list in half, and Vinci asked KSNY to exclude email hits wherein Vinci's custodians appear as an author and/or recipient of the correspondence. Based on the concessions Vinci made, KSNY's universe of document hits was brought down from 42,618 documents to a more manageable 5,091 document hits.[7][8] Vinci, however, is now faced with the prospect of KSNY having reached its ESI hours limit and ostensibly refusing to review and produce any further documents.

Equally concerning is the issue regarding documents that KSNY was recently ordered by this Court to produce. As a result of KSNY delaying discovery on those critical requests while it otherwise expended all of its ESI hours on lower value requests, Vinci is concerned that KSNY will now refuse to review for and produce documents responsive to those disputed requests.

This Court has discretion to expand and compel discovery in this action: "discovery in federal lawsuits is supposed to be significant, flexible, and broad with the court retaining authority to either expand or contract discovery to meet the needs of the particular litigation." *Holick v. Cellular Sales of N.Y., LLC*, 2014 U.S. Dist. LEXIS 133966, *3-4 (N.D.N.Y. Sept. 24, 2014). Defendants have made no argument that the ESI discovery Vinci seeks is not relevant. Rather, the only position that defendants have taken is that their further cooperation is not required given the parties' ESI hours requirements. Further, the discovery undertaken in an action is to be proportionate to the needs of the case. Fed. Civ. R. 26(b)(1) requires as much: "Parties may obtain discovery … that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." These proportionality factors all weigh in favor of Vinci in these actions. The discovery produced by KSNY to date does not meet the needs of this complex case. Accordingly, Vinci hereby seeks the Court's intervention on these issues as only a few days remain before the parties' final productions are to be made.

Respectfully Submitted,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

Susan M. White
*One of the counsel for Vinci Brands LLC*

---

[6] KSNY did send a hit report to Vinci on February 22, 2024, and a breakdown after hours on February 26, 2024, but KSNY's correspondence and actions were not clear to Vinci until a phone call between the parties on February 29, 2024, whereafter Vinci issued its revised search term parameters within 12 hours. Vinci further notes that any timing argument by KSNY is red herring as KSNY has still failed to produce even basic, responsive documents over the past three weeks (let alone over the past 4 months since discovery requests were served) and any alleged or perceived delay would have only affected KSNY's recent March 1, 2024 production and therefore cannot serve as the basis for the low value productions received from KSNY on February 16 and February 23.

[7] With 172,285 and 11,515 document families respectively.

[8] Vinci reserves its rights to further review the revised hit report and, revise and/or supplement search terms and custodians as necessary as this number is low in proportion to the needs of a case of this magnitude and complexity.