By **April 26, 2024**, ACS shall file an answer to the Second Amended Complaint and assert any third-party claims against Case-Mate.  ACS's request to withdraw its motion to dismiss the Second Amended Complaint is **GRANTED**.  By **April 29, 2024**, all parties in this case shall submit a joint letter proposing next steps, including a proposed briefing schedule for any anticipated motions to dismiss and any proposed changes to the existing discovery schedule.  So Ordered.

The Clerk of Court is respectfully directed to close the motions at Dkts. 152 and 228.

Dated: April 22, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**VIA ECF**　　　　　　　　　　　　　　　　　　　　　April 19, 2024

The Honorable Lorna G. Schofield
United State District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    **Kate Spade New York LLC, et al. v. Vinci Brands LLC, et al., Case No. 23-cv-05409 (LGS)**

Dear Judge Schofield:

    On behalf of our client, defendant ACS Group Acquisitions LLC ("ACS"), we appreciate the opportunity to submit this brief reply to the April 12, 2024 letter from counsel for Case-Mate, Inc. and CM Brands, LLC (collectively "Case-Mate").

    As an initial matter, Case-Mate's claim that ACS's application is an "improper end-around" the Court's order regarding access to attorneys eyes only ("AEO") documents and attempt to get Case-Mate's confidential documents is both untrue and non-sensical.  First, the claims that ACS have (and will) assert against Case-Mate are not predicated upon any *AEO documents* that have been produced in the existing litigations.  Second, whether ACS is permitted to join Case-Mate to the extant action or it just files a new action makes no difference as to whether ACS will ultimately get access to any Case-Mate confidential information.  Stated differently, regardless of the procedure to be followed – joining Case-Mate to the above action or filing a new action – whether or not ACS will seek or obtain access to any confidential information will depend upon the claims that ACS will assert against Case-Mate.

    The claims that ACS intends to file against Case-Mate were detailed in our April 5 letter and will not be repeated here.  Case-Mate claims that ACS has been a party to this action for 9 months and that the "alleged facts" supporting those claims have been known to it for those same 9 months, again, apparently arguing that timing of ACS's request for Case-Mate's joinder was delayed or strategic.  The fact of the matter is that document discovery and depositions in the two actions, which did not begin in earnest until mid-February, have confirmed the wrongful acts of Case-Mate while it was controlling Vinci's finances—as a lender—while simultaneously concluding surreptitious negotiations to replace Vinci as a KSNY licensee.  Case-Mate's wrongful conduct—which discovery has shown directly led to

*April 19, 2024*
*Page 2 of 2*

KSNY's improper termination of Vinci's license agreement—has caused direct damages to ACS and to Vinci's previous second priority lien holder and lender, Monroe Capital Management.

As to Case-Mate's argument that there is *no* Federal Rule of Civil Procedure ("Rule") "that allows ACS—as a defendant—to add Case-Mate to this action asserting new claims unrelated to those brought by the plaintiff", Case-Mate *quotes* the applicable Rule—Rule 20(b). Under it, this Court has broad discretion to permit ACS to join Case-Mate in these proceedings because as ACS's April 5 letter makes clear, ACS's claims against Case-Mate are plainly "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" that Kate Spade has brought in this action and there are ample "question[s] of law or fact common to all defendants [that] will arise in the action." Indeed, and as the case cited by Case-Mate states, " '[t]here is no rigid rule as to what constitutes the same series of transactions or occurrences for purposes of joinder under Rule 20", and " '[c]ourts within this Circuit repeatedly have interpreted the phrase 'same transaction' to encompass 'all logically related claims.' " *Agnesini v. Doctor's Assocs., Inc.*, 275 F.R.D. 456, 458–59 (S.D.N.Y. 2011)(internal citations omitted).

The remainder of Case-Mate's opposition to permissive joinder raises issues that are irrelevant to whether joinder should be granted. Case-Mate claims, for example, that Case-Mate is not subject to general jurisdiction in New York. Putting aside that Case-Mate is the worldwide licensee to New York based Kate Spade, and that Case-Mate fraudulently induced a New York company (ACS) to pay off the full value of its loan to Vinci, whether Case-Mate has a viable motion to dismiss, on jurisdiction or on the merits, has no bearing on whether ACS should be allowed to join Case-Mate to this action.

In sum, as previously stated, ACS sought permissive joinder in its good faith belief that having these claims adjudicated in one action, where some of the existing discovery could be utilized, is the most efficient and fair way to proceed. We respect that Case-Mate has a different view on whether the Court should exercise its discretion to allow joinder (no doubt predicated upon the simple fact that it does not want to defend against new claims), ultimately, however, we recognize that this determination is left to the sound discretion of the Court and we defer to the sound discretion of the Court as to how it wishes to proceed and control its docket.

Respectfully submitted,

s/ Robert A. Giacovas

Robert A. Giacovas

cc:     All Counsel