

747 THIRD AVE, FLOOR 16
NEW YORK, NEW YORK 10017
T: 212.758.9300
F: 212.888.0919
LPGMLAW.COM

Direct: (212) 784-3295
afelix@lpgmlaw.com

October 29, 2024

**VIA ECF**

The Honorable Valerie Figueredo
United State District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: **Kate Spade LLC, et al. v. Vinci Brands LLC, et al., Case No. 23-cv-05409;**
    ***Vinci Brands LLC v. Coach Services, Inc., et al*, No. 1:23-cv-05138;**
    **Letter Response to Kate Spade's Letter Motion for Alternative Service**

Dear Judge Figueredo:

  We are counsel for ACS Group Acquisitions LLC ("ACS") in the above-referenced matters. We write in response to Kate Spade LLC and Coach Services, Inc.'s (collectively, "Kate Spade") letter motion for alternative service of certain non-party subpoenas to SVES Apparel ("SVES"), Salomon Marciano ("Marciano"), and Gabriel Zeitouni ("Zeitouni"). We understand that Harlan Lazarus, Esq., who has been long-time counsel to these entities agreed to accept service of the subpoenas, and thus, Kate Spade's motion is moot. As such, ACS takes no position as to Kate Spade's motion; however, we write to address the numerous blatant misrepresentations Kate Spade made to the Court.

  As an initial matter, Kate Spade's contention that ACS allegedly "largely concealed" SVES, Marciano, and Zeitouni from discovery until "August 2024" is patently false. As we have previously advised the Court in numerous joint discovery letters and conferences, ACS produced 7,108 pages and made five (5) tranches of productions on February 16, April 5, April 29, May 6 (updated on May 8 and 10), and August 9, 2024. ACS first produced documents relating to SVES, Marciano, and Zeitouni in its *second tranche of production* on April 5, 2024.

  Second, the fact that ACS made a production on August 9 that included documents related to these non-parties is not evidence that ACS improperly withheld documents. All parties – including Kate Spade itself – have made and continue to make rolling productions. ACS's August 9th production was made well in advance of the then-discovery deadline and is well within the current discovery deadline of January 31, 2025, and is thus timely.

*October 29, 2024*
*Page 2 of 3*

Third, Kate Spade's complaints regarding ACS's alleged "concealment" are without merit. They solely arise from a mere five (5) emails that were not part of the 7,108 pages that ACS already produced – an insignificant number of ACS's overall production. As evidenced in the attached correspondence (Exhibit A) and as we articulated to counsel for Kate Spade in a meet and confer last week, we provided valid explanations for why these emails did not populate in our document review sets. For Kate Spade to now claim that it cannot trust ACS is wholly disingenuous. As indicated above, discovery is far from closed and Kate Spade only recently served a third set of requests for production on ACS pertaining to these non-parties, and responses to these requests are *not even due until tomorrow*. ACS is agreeing to search for responsive documents pertaining to these non-parties, should any more exist. Thus, for Kate Spade to represent that ACS is obfuscating its discovery obligations is simply untrue.

In fact, ACS will agree to run new search terms for Kate Spade, separate from the terms Kate Spade requested months ago. As the Court is aware, the parties heavily negotiated search terms that ACS used to diligently conduct its review. These terms generated 13,042 documents that ACS voluntarily agreed to review without regard to the 200-hour ESI cap imposed by Judge Schofield. Contrarily, Kate Spade chose to ignore ACS's search terms and prioritize search terms that did not pertain to ACS and that would generate a significant number of irrelevant and insignificant documents for the purpose of running out the ESI-clock. Kate Spade then took the position that because it maxed out its ESI hours, Kate Spade would stop its review. It was not until ACS and Vinci Brands LLC filed motions to compel and the Court ordered Kate Spade to conduct a full review, did it do so. (5409, ECF 206, **"The Court is not convinced that KSNY has conducted in good faith its ESI review with respect for Vinci's and ACS's discovery requests"**). For Kate Spade to now claim that it "cannot rely on ACS to comply with its discovery obligations" is ludicrous.

Fourth, Kate Spade itself must admit that although it has known about these non-parties since April 2024, it made the concerted decision to wait *more than thirty-five weeks* to raise alleged "deficiencies" and to attempt to serve subpoenas. It is evident that Kate Spade's attempts to cast blame on ACS is a distraction from its own delay.

Lastly, Kate Spade's accusation that ACS failed to comply with the April 30, 2024 Order (5409, ECF 249) is also blatantly untrue. ACS made a production of its responsive documents in May 2024.[1] The Court should know that ACS has been meeting and conferring on this issue with counsel for Kate Spade for the last two weeks, and ACS provided Kate Spade with a detailed description of the search, collection, review, and production of responsive documents. The parties are continuing to meet and confer on this issue and ACS has again agreed to undertake an additional review and produce any documents that may be responsive.[2] *See* Ex. A.

Thank you for your continued assistance in this matter.

---

[1] We note that Kate Spade made no effort to discuss search terms, nor did it inquire about the review and production of documents responsive to the Order until October 11, 2024.

[2] Counsel's statement in footnote 3, misreads our email, misstates to the Court what ACS said, and is also the subject of our ongoing meet and confers. Notwithstanding that these issues are irrelevant and not pertinent to Kate Spade's instant motion, ACS makes no distinction between the terms "seized" and "surrendered."

*October 29, 2024*
*Page 3 of 3*

                                           Respectfully Submitted,

                                           /s/ *Anna Pia. D Felix*
                                           Counsel for ACS Group Acquisitions LLC

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated:** 10/31/24

Given ACS's representations, Kate Spade's motion for alternative service is moot, and the Clerk of Court is directed to terminate the gavels at ECF Nos. 589 and 591 in 23cv5138 and ECF Nos. 407 and 409 in 23cv5409.