**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| Kate Spade LLC and Coach Services, Inc. <br><br>                  Plaintiffs, <br><br>      v. <br><br> Vinci Bands LLC, ACS Group Acquisitions LLC, Onward Brands LLC, Charles Tebele, and Sam "Sonny" Haddad, <br><br>                 Defendants. | Civil Action No. 1:23-cv-05409-LGS VF |

Defendant Vinci Brands LLC ("Vinci"), for its Answer and Affirmative Defenses to Plaintiffs Kate Spade LLC and Coach Services, Inc (collectively, "KSNY") Third Amended Complaint ("Third Amended Complaint"), states as follows:

<u>**INTRODUCTION**</u>

1.      Vinci admits that for nearly a decade, KSNY partnered with Vinci (and its predecessors and affiliates) as an authorized licensee for KATE SPADE® branded tech accessories, such as phone cases and accessories. Vinci further admits that at certain times over the life of the licensing relationship, it entered into a payment plan with KSNY. Vinci denies the remaining allegations in Paragraph 1 of the Third Amended Complaint.

2.      Vinci denies the allegations in Paragraph 2 of KSNY's Third Amended Complaint.

3.      Vinci denies the allegations in Paragraph 3 of the Third Amended Complaint.

4.      Vinci denies the allegations in Paragraph 4 of the Third Amended Complaint.

5.      Vinci denies the allegations in Paragraph 5 of the Third Amended Complaint.

6.      Vinci admits that it does not believe the termination was effective for a number of reasons, including, but not limited to, KSNY's reference to a non-existent license provision in the

termination notice and the occurrence of a force majeure event. Vinci denies the remaining allegations in Paragraph 6 of the Third Amended Complaint.

7.     Vinci denies the allegations in Paragraph 7 of the Third Amended Complaint.

8.     Vinci denies the allegations in Paragraph 8 of the Third Amended Complaint.

9.     The allegations in Paragraph 9 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 9 of the Third Amended Complaint.

10.     The allegations in Paragraph 10 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 10 of the Third Amended Complaint.

11.     The allegations in Paragraph 11 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 11 of the Third Amended Complaint

12.     Vinci denies the allegations in Paragraph 12 of the Third Amended Complaint.

**PARTIES**

13.     To the extent the allegations in Paragraph 13 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Third Amended Complaint.

14.     To the extent the allegations in Paragraph 14 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Third Amended Complaint.

25105846 v2

15.     Vinci admits that it is a limited liability company organized under the laws of the state of Delaware.  Vinci further admits that it has two members, Steve Latkovic, an individual domiciled in Ohio, and Glenn Pollack, an individual domiciled in Florida.  Vinci denies the remaining allegations in Paragraph 15 of the Third Amended Complaint.

16.     To the extent the allegations in Paragraph 16 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Third Amended Complaint.

17.     To the extent the allegations in Paragraph 17 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Third Amended Complaint.

18.     To the extent the allegations in Paragraph 18 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Third Amended Complaint.

19.     To the extent the allegations in Paragraph 19 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Third Amended Complaint.

## JURISDICTION AND VENUE

20.    To the extent the allegations in Paragraph 20 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 20 of the Third Amended Complaint.

21.    To the extent the allegations in Paragraph 21 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 21 of the Third Amended Complaint.

22.    To the extent the allegations in Paragraph 22 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 22 of the Third Amended Complaint.

23.    To the extent the allegations in Paragraph 23 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 23 of the Third Amended Complaint.

24.    The allegations in Paragraph 24 of the Third Amended Complaint are not directed at Vinci and set forth legal conclusions; thus no response from Vinci is required.

25.    The allegations in Paragraph 25 of the Third Amended Complaint are not directed at Vinci and set forth legal conclusions; thus no response from Vinci is required.

26.    The allegations in Paragraph 26 of the Third Amended Complaint are not directed at Vinci and set forth legal conclusions; thus no response from Vinci is required.

27.    The allegations in Paragraph 27 of the Third Amended Complaint are not directed at Vinci and set forth legal conclusions; thus no response from Vinci is required.

28.    The allegations in Paragraph 28 of the Third Amended Complaint are not directed at Vinci and set forth legal conclusions; thus no response from Vinci is required.

**FACTS**

25105846 v2

29.    Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Third Amended Complaint.

30.    Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Third Amended Complaint.

31.    Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Third Amended Complaint.

32.    Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Third Amended Complaint.

33.    Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Third Amended Complaint.

34.    Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Third Amended Complaint.

35.    Vinci states that the License Agreement between Vinci and KSNY speaks for itself and admits that, over the last several years, Vinci and KSNY were licensing partners for tech accessories, including phone cases.  Vinci is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Third Amended Complaint.

36.    Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Third Amended Complaint.

37.    Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Third Amended Complaint.

38.    Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Third Amended Complaint.

39.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Third Amended Complaint.

40.     Vinci admits that it has sold millions of Kate Spade branded tech accessories.  Vinci is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Third Amended Complaint.

41.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Third Amended Complaint.

42.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Third Amended Complaint.

43.     To the extent the allegations in Paragraph 43 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 43 of the Third Amended Complaint.

44.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Third Amended Complaint.

45.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Third Amended Complaint.

46.     To the extent the allegations in Paragraph 46 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 46 of the Third Amended Complaint.

47.     The allegations in Paragraph 47 of the Third Amended Complaint refer to a written document which speaks for itself and Vinci specifically denies the allegations in Paragraph 47 to the extent the allegations mischaracterize or misstate the contents of that written document.  Vinci denies the remaining allegations in Paragraph 47 of the Third Amended Complaint.

25105846 v2

48.     Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 48 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 48 of the Third Amended Complaint.

49.     Vinci admits that the License Agreement was amended a number of times and states that the License Agreement and its amendments speak for themselves and Vinci specifically denies the allegations in Paragraph 49 to the extent the allegations mischaracterize or misstate the contents of the License Agreement and its amendments.   Vinci denies the remaining allegations in Paragraph 49 of the Third Amended Complaint.

50.     Vinci states that the License Agreement and its amendments speak for themselves and Vinci specifically denies the allegations in Paragraph 50 to the extent the allegations mischaracterize or misstate the contents of the License Agreement or its amendments.  Vinci denies the remaining allegations in Paragraph 50 of the Third Amended Complaint.

51.     Vinci states that the referenced, but not attached, September 2022 agreed upon modified timeline speaks for itself and Vinci specifically denies the allegations in Paragraph 51 to the extent the allegations mischaracterize or misstate the contents of that agreed upon modified timeline.  Vinci denies the remaining allegations in Paragraph 51 of the Third Amended Complaint.

52.     Vinci admits that on a December 13, 2022 videoconference, it notified KSNY of a force majeure event, as that terms is defined or described in the Sixth Amendment to the License Agreement.  Vinci denies the remaining allegations in Paragraph 52 of KSNY's Third Amended Complaint.

25105846 v2

53.     Vinci admits that it paid $50,000 to KSNY on or about January 31, 2023 and February 28, 2023.  Vinci denies the remaining allegations in Paragraph 53 of KSNY's Third Amended Complaint.

54.     Vinci admits that it continued to apprise KSNY of the force majeure event's impact on its ability to fulfill certain obligations, including so advising KSNY on or about March 7, 2023, and that it proposed to pay $100,000 by March 24, 2023. Vinci denies the remaining allegations in Paragraph 54 of KSNY's Third Amended Complaint.

55.     Vinci states that the referenced, but not attached, March 20, 2023 purported Notice of Non-Payment speaks for itself and specifically denies the allegations in Paragraph 55 of the Third Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the March 20, 2023 purported Notice of Non-Payment.  Vinci denies the remaining allegations in Paragraph 55 of the Third Amended Complaint.

56.     Vinci states that the referenced, but not attached, March 22, 2023 letter speaks for itself and specifically denies the allegations in Paragraph 56 of the Third Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the March 22, 2023 letter. Vinci denies the remaining allegations in Paragraph 56 of the Third Amended Complaint.

57.     Vinci states that the referenced, but not attached, March 31, 2023 purported Notice of Default and the Sixth Amendment to the License Agreement speak for themselves and Vinci specifically denies the allegations in Paragraph 57 to the extent the allegations mischaracterize or misstate the contents of the Sixth Amendment to the License Agreement or the March 31, 2023 purported Notice of Default.  Vinci denies the remaining allegations in Paragraph 57 of the Third Amended Complaint, including those in Footnote 3 to the Third Amended Complaint.

58.     Vinci states that the Sixth Amendment to the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 58 to the extent the allegations mischaracterize or misstate the contents of the Sixth Amendment to the License Agreement Vinci denies the remaining allegations in Paragraph 58 of the Third Amended Complaint.

59.     Vinci states that the referenced, but not attached, March 31, 2023 purported Notice of Default speaks for itself and specifically denies the allegations in Paragraph 59 of the Third Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the March 31, 2023 purported Notice of Default.  Vinci denies the remaining allegations in Paragraph 59 of the Third Amended Complaint.

60.     Vinci states that the referenced, but not attached, June 14, 2023 purported Notice of Termination speaks for itself and specifically denies the allegations in Paragraph 60 of the Third Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the June 14, 2023 purported Notice of Termination.  Vinci denies the remaining allegations in Paragraph 60 of the Third Amended Complaint.

61.     To the extent the allegations in Paragraph 61 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 61 of the Third Amended Complaint.

62.     To the extent the allegations in Paragraph 62 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 62 of the Third Amended Complaint.

63.     To the extent the allegations in Paragraph 63 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci states that the referenced, but not attached, February 10, 2023 Notice of Event of Default

speaks for itself and specifically denies the allegations in Paragraph 63 to the extent that the allegations mischaracterize or misstate the contents of the Notice. Vinci denies the remaining allegations in Paragraph 63 of the Third Amended Complaint.

64.     To the extent the allegations in Paragraph 64 of the Third Amended Complaint set forth legal conclusions, no response is required. To the extent a response is required, Vinci admits that it obtained KSNY's approval for the referenced, but not attached, Manufacturing and Distribution Agreement (the "MDA"), and that the MDA speaks for itself and specifically denies the allegations in Paragraph 64 to the extent that the allegations mischaracterize or misstate the contents of the MDA. Vinci denies the remaining allegations in Paragraph 64 of the Third Amended Complaint.

65.     Vinci admits that ACS acquired the Monroe Loan. Further answering, Vinci states that the referenced, but not attached, Asset Purchase Agreement and Services Agreement speak for themselves and Vinci specifically denies the allegations in Paragraph 67 to the extent that the allegations in Paragraph 65 to the extent that the allegations mischaracterize or misstate the contents of the Asset Purchase Agreement or Services Agreement. Vinci denies the remaining allegations in Paragraph 65 of the Third Amended Complaint, including the allegations in Footnote 4 of the Third Amended Complaint.

66.     Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 66 to the extent that the allegations mischaracterize or misstate the contents of the License Agreement. Vinci denies the remaining allegations in Paragraph 66 of the Third Amended Complaint, including allegations in Footnote 5 of the Third Amended Complaint.

25105846 v2

67.     Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 67 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 67 of the Third Amended Complaint.

68.     Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 68 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 68 of the Third Amended Complaint.

69.     Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 69 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 69 of the Third Amended Complaint.

70.     Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 70 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 70 of the Third Amended Complaint.

71.     Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 71 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the allegations in Paragraph 71 of the Third Amended Complaint.

72.     Vinci admits the allegations in Paragraph 72 of the Third Amended Complaint.

73.     Vinci admits the allegations in Paragraph 73 of the Third Amended Complaint.

74.     Vinci admits the allegations in Paragraph 74 of the Third Amended Complaint.

75.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Third Amended Complaint.

76.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Third Amended Complaint.

77.     Vinci admits that it worked with its licensing partner, KSNY, to develop, distribute, and sell Kate Spade branded tech accessories and that the launch process for these accessories required, per KSNY's own documents, many months of planning. Vinci denies the remaining allegations in Paragraph 77 of the Third Amended Complaint.

78.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Third Amended Complaint.

79.     Vinci states that the referenced, but not attached, May 11, 2023 Notice of Public Auction speaks for itself and specifically denies the allegations in Paragraph 79 to the extent that the allegations mischaracterize or misstate the contents of the Notice. Vinci denies the remaining allegations in Paragraph 79 of the Third Amended Complaint.

80.     Vinci states that the referenced, but not attached, May 26, 2023 correspondence speaks for itself and specifically denies the allegations in Paragraph 80 of the Third Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the May 26, 2023 correspondence.  Vinci denies the remaining allegations in Paragraph 80 of the Third Amended Complaint.

81.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Third Amended Complaint.

82.     Vinci denies the allegations in Paragraph 82 of the Third Amended Complaint.

83.    Vinci admits that Brian Stetch and Joe Sklencar left Vinci in the Spring of 2023. Vinci denies the remaining allegations in Paragraph 83 of the Third Amended Complaint.

84.    Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Third Amended Complaint.

85.    Vinci denies the allegations in Paragraph 85 of the Third Amended Complaint.

86.    Vinci states that the referenced, but not attached, June 15, 2023 purported Notice of Licensor's Exercise of Rights speaks for itself and specifically denies the allegations in Paragraph 86 of the Third Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the June 15, 2023 purported Notice of Licensor's Exercise of Rights. Vinci denies the remaining allegations in Paragraph 86 of the Third Amended Complaint.

87.    Vinci denies the allegations in Paragraph 87 of the Third Amended Complaint.

88.    Vinci states that the referenced, but not attached, Case-Mate License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 88 to the extent the allegations mischaracterize or misstate the contents of the Case-Mate License Agreement.  Vinci denies the remaining allegations in Paragraph 88 of the Third Amended Complaint.

89.    Vinci states that the referenced, but not attached, June 21, 2023 correspondence speaks for itself and specifically denies the allegations in Paragraph 86 of the Third Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the June 21, 2023 correspondence.  Vinci denies the remaining allegations in Paragraph 86 of the Third Amended Complaint.

90.    The allegations in Paragraph 90 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 87 of the Third Amended Complaint.

91.     Vinci states that the referenced, but not attached, emails transmitting the letters speak for themselves and Vinci specifically denies the allegations in Paragraph 91 to the extent the allegations mischaracterize or misstate the contents of the emails.  Vinci denies the remaining allegations in Paragraph 91 of the Third Amended Complaint.

92.     Vinci states that the referenced, but not attached, June 21, 2023 correspondence speaks for itself and Vinci specifically denies the allegations in Paragraph 92, including all subparts, to the extent the allegations mischaracterize or misstate the contents of the correspondence.  Vinci denies the remaining allegations in Paragraph 92, including all subparts, of the Third Amended Complaint.

93.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Third Amended Complaint.

94.     Vinci denies the allegations in Paragraph 94 of the Third Amended Complaint.

95.     Vinci denies the allegations in Paragraph 95 of the Third Amended Complaint.

96.     Vinci denies the allegations in Paragraph 96 of the Third Amended Complaint.

97.     Vinci states that the referenced Vinci website speaks for itself and Vinci specifically denies the allegations in Paragraph 97 to the extent the allegations mischaracterize or misstate the contents of the Vinci's website.  Vinci denies the remaining allegations in Paragraph 97 of the Third Amended Complaint.

98.     Vinci states that the social media post speaks for itself and Vinci specifically denies the allegations in Paragraph 98 to the extent the allegations mischaracterize or misstate the contents of the social media post. Vinci denies the remaining allegations in Paragraph 98 of the Third Amended Complaint.

99.    Vinci states that the social media post speaks for itself and Vinci specifically denies the allegations in Paragraph 99 to the extent the allegations mischaracterize or misstate the contents of the social media post. Vinci denies the remaining allegations in Paragraph 99 of the Third Amended Complaint.

100.    Vinci denies the allegations in Paragraph 100 of the Third Amended Complaint.

101.    The allegations in Paragraph 101 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 101 of the Third Amended Complaint.

102.    Vinci denies the allegations in Paragraph 102 of the Third Amended Complaint.

103.    Vinci denies the allegations in Paragraph 103 of the Third Amended Complaint.

104.    Vinci states that the referenced complaint filed in the United States District Court for the Southern District of New York speaks for itself. Vinci denies the remaining allegations in Paragraph 104 of the Third Amended Complaint.

105.    Vinci states that the referenced amended complaint filed in the United States District Court for the Southern District of New York speaks for itself. Vinci denies the remaining allegations in Paragraph 105 of the Third Amended Complaint.

106.    Vinci denies the allegations in Paragraph 106 of the Third Amended Complaint.

107.    The allegations in Paragraph 107 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

108.    The allegations in Paragraph 108 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

109.    The allegations in Paragraph 109, including all subparts, of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

110.    The allegations in Paragraph 110 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

111.    The allegations in Paragraph 111 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

112.    The allegations in Paragraph 112 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

113.    The allegations in Paragraph 113 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 113 of the Third Amended Complaint.

114.    The allegations in Paragraph 114 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 114 of the Third Amended Complaint.

115.    Vinci denies the allegations in Paragraph 115 of the Third Amended Complaint.

116.    Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 116, including all subparts, to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 116, including all subparts, of the Third Amended Complaint.

117.    To the extent the allegations in Paragraph 117 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 117 of the Third Amended Complaint.

118.    The allegations in Paragraph 118 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 118 of the Third Amended Complaint.

25105846 v2

119.    The allegations in Paragraph 119 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

120.    The allegations in Paragraph 120 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

121.    The allegations in Paragraph 121 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

122.    The allegations in Paragraph 122 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

123.    The allegations in Paragraph 123 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

124.    The allegations in Paragraph 124 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

125.    The allegations in Paragraph 125 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 125 of the Third Amended Complaint.

126.    The allegations in Paragraph 126 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

127.    The allegations in Paragraph 127 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 127 of the Third Amended Complaint.

128.    The allegations in Paragraph 128 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

129.    Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 129 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 129 of the Third Amended Complaint.

130.    Vinci states that the License Agreement and Services Agreement speaks for themselves and Vinci specifically denies the allegations in Paragraph 130 to the extent the allegations mischaracterize or misstate the contents of the License Agreement and Services Agreement.  Vinci denies the remaining allegations in Paragraph 130 of the Third Amended Complaint.

131.    The allegations in Paragraph 131 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 131 of the Third Amended Complaint.

132.    Vinci admits that as of August 1, 2023, Vinci no longer had employees.  Vinci denies the remaining allegations in Paragraph 132 of the Third Amended Complaint.

133.    Vinci denies that that it assigned or transferred its rights under the License Agreement to Onward, or that it needed KSNY's consent to enter into the Services Agreement.  Vinci admits that it produced the Services Agreement in May 2024. Vinci denies the remaining allegations in Paragraph 133 of the Third Amended Complaint.

134.    The allegations in Paragraph 134 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 134 of the Third Amended Complaint.

25105846 v2

135.     The allegations in Paragraph 135 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 135 of the Third Amended Complaint.

136.     The allegations in Paragraph 136 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 136 of the Third Amended Complaint.

137.     The allegations in Paragraph 137 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 137 of the Third Amended Complaint.

138.     The allegations in Paragraph 138 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

139.     The allegations in Paragraph 139 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

140.     The allegations in Paragraph 140 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 140 of the Third Amended Complaint.

141.     The allegations in Paragraph 141 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

142.     The allegations in Paragraph 142 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 142 of the Third Amended Complaint.

143.     The allegations in Paragraph 143 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.

144.    The allegations in Paragraph 144 of the Third Amended Complaint are not directed at Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 144 of the Third Amended Complaint.

**First Cause of Action**

(Federal Trademark Infringement under 15 U.S.C. § 1114 – Against Vinci)

145.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as if fully set forth herein.

146.    To the extent the allegations in Paragraph 146 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 146 of the Third Amended Complaint.

147.    To the extent the allegations in Paragraph 147 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 147 of the Third Amended Complaint.

148.    Vinci denies the allegations in Paragraph 148 of the Third Amended Complaint.

149.    Vinci denies the allegations in Paragraph 149 of the Third Amended Complaint.

150.    Vinci denies the allegations in Paragraph 150 of the Third Amended Complaint.

151.    Vinci denies the allegations in Paragraph 151 of the Third Amended Complaint.

152.    Vinci denies the allegations in Paragraph 152 of the Third Amended Complaint.

153.    Vinci denies the allegations in Paragraph 153 of the Third Amended Complaint.

154.    Vinci denies the allegations in Paragraph 154 of the Third Amended Complaint.

155.    Vinci denies the allegations in Paragraph 148 of the Third Amended Complaint.

156.    Vinci denies the allegations in Paragraph 156 of the Third Amended Complaint.

**Second Cause of Action**

(Federal Unfair Competition and False Advertising under 15 U.S.C. § 1125(a) – Against Vinci)

157.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

158.    Vinci denies the allegations in Paragraph 158, including all subparts, of the Third Amended Complaint.

159.    Vinci denies the allegations in Paragraph 159 of the Third Amended Complaint.

160.    Vinci denies the allegations in Paragraph 160 of the Third Amended Complaint.

161.    Vinci denies the allegations in Paragraph 161 of the Third Amended Complaint.

162.    Vinci denies the allegations in Paragraph 162 of the Third Amended Complaint.

**Third Cause of Action**

(New York Trademark Infringement, N.Y. Gen. Bus. Law § 360 – Against Vinci)

163.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

164.    To the extent the allegations in Paragraph 164 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 164 of the Third Amended Complaint.

165.    To the extent the allegations in Paragraph 165 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 165 of the Third Amended Complaint.

166.    Vinci denies the allegations in Paragraph 166 of the Third Amended Complaint.

167.    Vinci denies the allegations in Paragraph 167 of the Third Amended Complaint.

168.    Vinci denies the allegations in Paragraph 168 of the Third Amended Complaint.

169.    Vinci denies the allegations in Paragraph 169 of the Third Amended Complaint.

170.     Vinci denies the allegations in Paragraph 170 of the Third Amended Complaint.

171.     Vinci denies the allegations in Paragraph 171 of the Third Amended Complaint.

172.     Vinci denies the allegations in Paragraph 172 of the Third Amended Complaint.

173.     Vinci denies the allegations in Paragraph 173 of the Third Amended Complaint.

**Fourth Cause of Action**

(New York Deceptive Trade Practices, N.Y. Gen. Bus. Law § 349(a) – Against Vinci)

174.     Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

175.     Vinci denies the allegations in Paragraph 175 of the Third Amended Complaint.

176.     Vinci denies the allegations in Paragraph 176 of the Third Amended Complaint.

177.     Vinci denies the allegations in Paragraph 177 of the Third Amended Complaint.

178.     Vinci denies the allegations in Paragraph 178 of the Third Amended Complaint.

**Fifth Cause of Action**

(New York Trademark Dilution, N.Y. Gen. Bus. Law § 360-L – Against Vinci)

179.     Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

180.     To the extent the allegations in Paragraph 180 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 180 of the Third Amended Complaint.

181.     Vinci denies the allegations in Paragraph 181 of the Third Amended Complaint.

182.     Vinci denies the allegations in Paragraph 182 of the Third Amended Complaint.

183.     Vinci denies the allegations in Paragraph 183 of the Third Amended Complaint.

**Sixth Cause of Action**

25105846 v2

(Common Law Unfair Competition – Against Vinci)

184.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

185.    Vinci denies the allegations in Paragraph 185 of the Third Amended Complaint.

186.    Vinci denies the allegations in Paragraph 186 of the Third Amended Complaint.

**Seventh Cause of Action**

(Breach of Contract: Sections 2.3(a), 3.3(b), 3.3(d), 3.3(e), 3.3(f), 3.5, 3.6(a), 7.2, 7.8, 8.1, 8.2, 11.8, and 11.10 of the License Agreement – Against Vinci)

187.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

188.    To the extent the allegations in Paragraph 188 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 188 of the Third Amended Complaint.

189.    Vinci denies the allegations in Paragraph 189 of the Third Amended Complaint.

190.    Vinci states that the referenced, but not attached, February 10, 2023 Notice of Event of Default speaks for itself and Vinci specifically denies the allegations in Paragraph 190 to the extent the allegations mischaracterize or misstate the contents of the February 10 Notice. Vinci denies the remaining allegations in Paragraph 190 of the Third Amended Complaint.

191.    Vinci states that the referenced, but not attached, May 11, 2023 Notification of Intended Public Disposition of Collateral Under Section 9-610 of the Uniform Commercial Code speaks for itself and Vinci specifically denies the allegations in Paragraph 191 to the extent the allegations mischaracterize or misstate the contents of the May 11 Notice. Vinci denies the remaining allegations in Paragraph 191 of the Third Amended Complaint.

25105846 v2

192.    Vinci states that the referenced, but not attached, Siena Loan and Consent Agreement speak for themselves and Vinci specifically denies the allegations in Paragraph 192 to the extent the allegations mischaracterize or misstate the contents of the Siena Loan and Consent Agreement. Vinci denies the remaining allegations in Paragraph 192 of the Third Amended Complaint.

193.    Vinci denies the allegations in Paragraph 193 of the Third Amended Complaint.

194.    Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 194 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 194 of the Third Amended Complaint.

195.    Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 195 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 195 of the Third Amended Complaint.

196.    Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 196 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 196 of the Third Amended Complaint.

197.    Vinci denies the allegations in Paragraph 197 of the Third Amended Complaint.

198.    Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 198 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 198 of the Third Amended Complaint.

25105846 v2

199.    Vinci states that the License Agreement speaks for itself and Vinci specifically denies the allegations in Paragraph 199 to the extent the allegations mischaracterize or misstate the contents of the License Agreement.  Vinci denies the remaining allegations in Paragraph 199 of the Third Amended Complaint.

200.    Vinci denies the allegations in Paragraph 200 of the Third Amended Complaint.

201.    Vinci denies the allegations in Paragraph 201 of the Third Amended Complaint.

202.    Vinci denies the allegations in Paragraph 202 of the Third Amended Complaint.

203.    Vinci admits that Case-Mate acquired the Siena Loan in May 2023. Vinci denies the remaining allegations in Paragraph 203 of the Third Amended Complaint.

204.    Vinci denies the allegations in Paragraph 204 of the Third Amended Complaint.

205.    Vinci denies the allegations in Paragraph 205 of the Third Amended Complaint.

206.    Vinci states that the referenced, but not attached, May 24, 2023 Notice of Sale of the Collateral speaks for itself and Vinci specifically denies the allegations set forth in Paragraph 206 to the extent the allegations mischaracterize or misstate the contents of the May 24 Notice. Vinci denies the remaining allegations in Paragraph 206 of the Third Amended Complaint.

207.    Vinci denies the allegations in Paragraph 207 of the Third Amended Complaint.

208.    Vinci denies the allegations in Paragraph 208 of the Third Amended Complaint.

209.    Vinci denies the allegations in Paragraph 209 of the Third Amended Complaint.

210.    Vinci denies the allegations in Paragraph 210 of the Third Amended Complaint.

211.    Vinci denies the allegations in Paragraph 211 of the Third Amended Complaint.

212.    Vinci denies the allegations in Paragraph 212 of the Third Amended Complaint.

213.    Vinci denies the allegations in Paragraph 213 of the Third Amended Complaint.

214.    Vinci denies the allegations in Paragraph 214 of the Third Amended Complaint.

215.    Vinci denies the allegations in Paragraph 215 of the Third Amended Complaint.

216.    Vinci denies the allegations in Paragraph 216 of the Third Amended Complaint.

217.    Vinci denies the allegations in Paragraph 217 of the Third Amended Complaint.

**Eighth Cause of Action**

(Tortious Interference with the Case-Mate License Agreement – Against Vinci)

218.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

219.    To the extent the allegations in Paragraph 219 of the Third Amended Complaint set forth legal conclusions, no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations in Paragraph 219 of the Third Amended Complaint.

220.    Vinci denies the allegations in Paragraph 220 of the Third Amended Complaint.

221.    Vinci denies the allegations in Paragraph 221 of the Third Amended Complaint.

222.    Vinci denies the allegations in Paragraph 222 of the Third Amended Complaint.

223.    Vinci denies the allegations in Paragraph 223 of the Third Amended Complaint.

224.    Vinci denies the allegations in Paragraph 224 of the Third Amended Complaint.

**Ninth Cause of Action**

(Federal Trademark Infringement under 15 U.S.C. § 1114 – Against ACS, Tebele, and Haddad)

225.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

226.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

227.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

228.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

229.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

230.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

231.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

232.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

233.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

234.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

235.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

236.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

237.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

238.    The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

239.   The Ninth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

## Tenth Cause of Action

(Federal Unfair Competition and False Advertising under 15 U.S.C. § 1125(a) – Against ACS, Tebele, and Haddad)

240.   Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

241.   The Tenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

242.   The Tenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

243.   The Tenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

244.   The Tenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

245.   The Tenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

246.   The Tenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

247.   The Tenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

248.   The Tenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

**Eleventh Cause of Action**

(Declaratory Judgment – Against ACS)

249.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

250.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

251.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

252.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

253.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

254.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

255.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

256.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

257.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

258.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

259.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

260.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

261.    The Eleventh Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

## Twelfth Cause of Action

(Federal Trademark Infringement under 15 U.S.C. § 1114 – Against Onward, Tebele, and Haddad)

262.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

263.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

264.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

265.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

266.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

267.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

268.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

25105846 v2

269.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

270.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

271.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

272.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

273.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

274.    The Twelfth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

**Thirteenth Cause of Action**

(Federal Unfair Competition and False Advertising under 15 U.S.C. § 1125(a) – Against Onward, Tebele, and Haddad)

275.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

276.    The Thirteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

277.    The Thirteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

278.    The Thirteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

279.     The Thirteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

280.     The Thirteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

281.     The Thirteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

### Fourteenth Cause of Action

(New York Trademark Dilution, N.Y. Gen. Bus. Law § 360-L – Against Onward, Tebele, and Haddad)

282.     Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

283.     The Fourteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

284.     The Fourteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

285.     The Fourteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

286.     The Fourteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

287.     The Fourteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

### Fifteenth Cause of Action

(Common Law Unfair Competition – Against Onward, Tebele, and Haddad)

25105846 v2

288.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

289.    The Fifteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

290.    The Fifteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

291.    The Fifteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

**Sixteenth Cause of Action**

(Tortious Interference with Contract – Against Onward)

292.    Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

293.    The Sixteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

294.    The Sixteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

295.    The Sixteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

296.    The Sixteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

297.    The Sixteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

298.    The Sixteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

299.    The Sixteenth Cause of Action in the Third Amended Complaint is not directed at Vinci; thus no response from Vinci is required.

Vinci denies the allegations in KSNY's Prayer for Relief and specifically denies that KSNY is entitled to any damages.

## GENERAL DENIAL

Vinci denies every allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Vinci expressly reserves the right to plead additional affirmative and other defenses and counterclaims should discovery reveal any such defenses or counterclaims in this case. Vinci asserts the following defenses without assuming the burden of proof as to any issue that would otherwise rest upon KSNY.

## FIRST AFFIRMATIVE DEFENSE

The Third Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Third Amended Complaint is barred or reduced to the extent that KSNY failed to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

The Third Amended Complaint is barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

The Third Amended Complaint is barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The Third Amended Complaint is barred, in whole or in part, by the doctrine of acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

The Third Amended Complaint is barred, in whole or in part, by laches and other pertinent equitable principles.

## SEVENTH AFFIRMATIVE DEFENSE

The Third Amended Complaint is barred, in whole or in part, by KSNY's failure to provide adequate notice of their claims.

## EIGHTH AFFIRMATIVE DEFENSE

Vinci denies any and all culpability and liability, but if the Court ultimately finds Vinci liable, then the liability of Vinci, if any, is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability, including named parties and others over whom KSNY could have obtained personal jurisdiction with due diligence.

## NINTH AFFIRMATIVE DEFENSE

KSNY's claims are barred, in whole or in part, by the merger doctrine.

## TENTH AFFIRMATIVE DEFENSE

KSNY's alleged damages are subject to offset due to damages caused by KSNY to Vinci, as detailed in Vinci's Third Amended Complaint in Civil Case No. 1:23-cv-05138-LGS-VF.

## ELEVENTH AFFIRMATIVE DEFENSE

KSNY's claims are barred by KSNY's material breach of the License Agreement and Sixth Amendment.

## TWELFTH AFFIRMATIVE DEFENSE

Vinci's alleged breaches of the License Agreement, if any, are excused by KSNY's own breaches of the License Agreement and Sixth Amendment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Vinci's alleged breaches of the License Agreement, if any, were the result of Force Majeure Events and KSNY's refusal to renegotiate in good faith the Guaranteed Minimum Royalties and other obligations under the License Agreement, and therefore cannot be the basis for finding Vinci in default or responsible for any breach of that Agreement due to the Force Majeure provision in the Sixth Amendment.

## FOURTEENTH AFFIRMATIVE DEFENSE

KSNY's claims are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

KSNY's claims are barred as contrary to public policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

KSNY's claims are barred by Vinci's rights under the License Agreement, including but not limited to its post-termination rights as set forth in the License Agreement and in the Court's Preliminary Injunction Order on September 13, 2023 and September 21, 2023.

## SEVENTEENTH AFFIRMATIVE DEFENSE

KSNY's claims are barred, in whole or in part, by KSNY's reliance on parole evidence contrary to the express and unambiguous terms of the agreements at issue.

## EIGHTEENTH AFFIRMATIVE DEFENSE

KSNY's claims are barred by the lack of dilution, lack of commercial goodwill, prior commercial use, implied license, and actual license and assignment of the trademarks at issue.

## NINETEENTH AFFIRMATIVE DEFENSE

KSNY's claims are barred by KSNY's prevention of Vinci's performance under the License Agreement and Sixth Amendment.

## TWENTIETH AFFIRMATIVE DEFENSE

KSNY's claims are barred, in whole or in part, on the grounds that KSNY received actual and/or constructive notice of any alleged default on any debt secured by Vinci's assets.

## TWENTY FIRST AFFIRMATIVE DEFENSE

KSNY's claims are barred, in whole or in part, on the grounds that KSNY waived any alleged breaches by Vinci, including but not limited to the alleged failure of Vinci to provide notice of any alleged default on any debt secured by Vinci's assets.

## TWENTY SECOND AFFIRMATIVE DEFENSE

KSNY's claims are barred, in whole or in part, on the grounds that KSNY consented, ratified, and/or approved the MDA.

## TWENTY THIRD AFFIRMATIVE DEFENSE

The Third Amended Complaint is barred, in whole or in part, on the grounds that KSNY licensed, consented to and/or authorized the conduct giving rise to KSNY's claims against Vinci.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

KSNY's claims are barred by KSNY's failure to act in a commercially reasonable manner.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

KSNY's claims are barred based on KSNY's fraudulent conduct and breach of the covenant of good faith and fair dealing.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

KSNY's claims for false advertising are barred, in whole or in part, as Vinci's advertisements were truthful.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

KSNY's claims are barred, in whole or in part, because any alleged interference with KSNY's License Agreement with Case-Mate was justified or privileged.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

KSNY's claims are barred, in whole or in part, because any alleged interference with KSNY's License Agreement with Case-Mate was subject to competitor's privilege.

## TWENTY NINTH AFFIRMATIVE DEFENSE

KSNY's claims are barred, in whole or in part, because any alleged interference with KSNY's License Agreement with Case-Mate was economically justified and/or privileged.

## THIRTIETH AFFIRMATIVE DEFENSE

Vinci reserves the right to assert and pursue any additional defenses or counterclaims that may become known through discovery or otherwise through the pendency of this action.

WHEREFORE, having fully answered, Vinci respectfully requests that the Court dismiss the Third Amended Complaint, with KSNY to bear the costs of this action.

25105846 v2

Dated: November 1, 2024      Respectfully submitted,


By:*/s/ Michael A. Vatis*
  Michael A. Vatis (Reg. No. 2258655)
  Rena Andoh (Reg. No. 4220638)
  **BENESCH, FRIEDLANDER, COPLAN**
  **& ARONOFF, LLP**
  1155 Avenue of the Americas, Floor 26
  New York, New York 10036
  Telephone: 646.593.7050
  Email: mvatis@beneschlaw.com
     randoh@beneschlaw.com

  -- and –

  James E. von der Heydt (*admitted pro hac vice*)
  Caroline Hamilton (*admitted pro hac vice*)
  **BENESCH, FRIEDLANDER, COPLAN**
  **& ARONOFF, LLP**
  127 Public Square, Suite 4900
  Cleveland, Ohio 44114
  Telephone: 216.363.4500
  Facsimile: 216.363.4588
  Email: jvonderheydt@beneschlaw.com
     chamilton@beneschlaw.com

  -- and –

  Paul A. Del Aguila (*admitted pro hac vice*)
  **DICKINSON WRIGHT LLP**
  55 West Monroe Street, Suite 1200
  Chicago, Illinois 60603
  Telephone: 312.641.0060
  Facsimile: 844.670.6009
  Email: pdelaguila@dickinson-wright.com

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Vinci requests a trial by jury of all issues so triable.

/s/ Michael A. Vatis_____

*Attorney for Defendant Vinci Brands LLC*

25105846 v2