

55 WEST MONROE STREET, SUITE 1200
CHICAGO, IL 60603-5127
TELEPHONE: 312-641-0060
FACSIMILE: 844-670-6009
http://www.dickinsonwright.com

PAUL A. DEL AGUILA
PDelAguila@dickinsonwright.com
312-377-7862

December 23, 2024

**VIA ECF**

The Honorable Valerie Figueredo
Daniel Patrick Moynahan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    <u>Vinci Brands, LLC v. Coach Servs. Inc., et al., Civil Action No. 1:23-cv-05409
Vinci Brands LLC's Letter Motion to Compel Compliance with Subpoena to
Himatsingka America, Inc.</u>

Dear Judge Figueredo:

Plaintiff Vinci Brands LLC ("Vinci"), respectfully requests this Court for an Order compelling Himatsingka America, Inc. ("Himatsingka") to produce documents in response to a properly-served document subpoena for use in the above-captioned matter and for leave to serve Order on Himatsingka through alternative methods.

<u>Procedural History</u>

On or about November 8, 2024, Vinci issued a Subpoena to Produce Documents to Himatsingka (the "Subpoena") and provided notice of that Subpoena to all parties. *See* Declaration of Paul Del Aguila, ¶ 2, attached hereto as Exhibit 1. On November 11, 2024, the Subpoena was served on Himatsingka's registered agent. Ex. 1, ¶ 3. To date, Vinci has not received any response from Himatsingka. Vinci has attempted to contact Himatsingka via its public telephone number but all calls have gone unanswered. Exhibit 1, ¶ 4.

<u>Relevant Standard</u>

A party who has properly served a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Where the subpoena recipient fails to serve written objections to a subpoena within the time specified by Rule 45, the failure to do so constitutes a waiver of any objections unless exceptional circumstances and good cause exist." *Sines v. Yiannopoulos*, 2020 WL 6058279, at * 4 (S.D.N.Y. Oct. 14, 2020) (quotation omitted). Moreover, the Court may hold a non-party in contempt, pursuant to Rule 45(g), if the properly served non-party "fails without adequate excuse to obey the subpoena or an order related to it."

DICKINSON WRIGHT PLLC

Hon. Valerie Figueredo
December 23, 2024
Page 2

With respect to Rule 45 subpoenas, "district courts in this Circuit have held that, in appropriate circumstances, alternative forms of service may be used, as long as they are calculated to provide timely actual notice." *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2024 WL 6361746, at * 2 (S.D.N.Y. No. 14, 2014) (collecting cases).

<u>Argument</u>

Vinci properly served the Subpoena on Himatsingka by serving its registered agent on November 11, 2024, as Himatsingka is registered to do business in New York. Himatsingka did not timely respond or object to the Subpoena, and thus all of its objections are waived. *See Sines*, 2020 WL 6058279, at * 4.

The Subpoena seeks relevant documents in this litigation. Upon information and belief, Himatsingka is a former Kate Spade licensee—for bedding and textiles—whose license was terminated and/or expired in 2023, yet KSNY did not inhibit or prevent Himatsingka from exercising or pursuing its post-termination and/or post-expiration rights to fulfill sales of Kate Spade branded goods—and instead expressly permitted Himtasingka to fulfill those sales. Documents and communications concerning that termination and/or expiration, and Himatsingka's exercise of its post-termination and/or post-expiration rights to fulfill these sales are relevant to Vinci's claims and defenses as KSNY's refusal to permit Vinci to exercise its similar post-termination and/or post-expiration rights evinces a lack of good faith in its fulfillment of its contractual obligations, among other things.

Vinci's counsel has attempted to contact Himatsingka over the last few weeks but all of its calls to phone numbers affiliated with or attributed to Himatsingka have gone unanswered. Accordingly, Vinci respectfully request that the Court enter an Order compelling Himatsingka to fully and properly respond to the Subpoena within ten (10) days of the Court's Order and granting Vinci leave to serve Himtasingka via certified mail at its US address—261 Fifth Avenue, Suite 1400, New York, NY 10016—via certified mail, and via email at NAsales@himatsingka.com. *See Freeman v. Guiliani*, 2024 WL 5054913, * 3(S.D.N.Y. Dec. 10, 2024) (granting motion to compel non-party to respond to document subpoena within three days and motion for leave to serve non-party via email).

Respectfully submitted,

/s/ *Paul A. Del Aguila*
Paul A. Del Aguila
Counsel for Vinci Brands LLC

Hon. Valerie Figueredo  
December 23, 2024  
Page 3

DICKINSON WRIGHT PLLC

cc: All Counsel of Record

ARIZONA   CALIFORNIA   COLORADO   FLORIDA   ILLINOIS   KENTUCKY   MICHIGAN   NEVADA   OHIO   TENNESSEE   TEXAS   WASHINGTON DC   TORONTO