AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| KATE SPADE LLC and COACH SERVICES, INC., <br> *Plaintiff* <br> v. <br> VINCI BRANDS LLC and ACS GROUP ACQUISITIONS LLC, <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 1:23-cv-05409 <br> ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: HIMATSINGKA AMERICA, INC. c/o C T CORPORATION SYSTEM
28 LIBERTY STREET, NEW YORK, NY, 10005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Paul Del Aguila <br> c/o Benesch, Friedlander, Coplan & Aronoff LLP <br> 155 6th Ave 26th Floor, New York, NY 10036 | Date and Time: <br> 11/29/2024 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | /s/ Paul A. Del Aguila |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* VINCI BRANDS LLC
Paul A. Del Aguila, 55 West Monroe, Suite 1200, Chicago IL, 60603 , who issues or requests this subpoena, are:
pdelaguila@dickinson-wright.com, (312) 641-0060

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:23-cv-05409

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA TO HIMATSINGKA AMERICA, INC.

### **DEFINITIONS**

1. "You" or "Your" means Himatsingka America, Inc. and all its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

2. "KSNY" means Kate Spade, LLC and all its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, including, but not limited to, Coach Services, Inc. and Tapestry, Inc.

3. "Case-Mate" means Case-Mate, Inc. and all its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

4. The following definitions apply:

    a. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    b. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

    c. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

5. The following rules of construction apply:

    a. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

    b. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of

1

discovery request all responses that might otherwise be construed to be outside of its scope.

6. "Litigation" means the lawsuits *Vinci Brands LLC v. Coach Services, Inc., et al.*, S.D.N.Y. Civil Action No. 23-cv-05138-LGS, and *Kate Spade LLC v. Vinci Brands LLC, et al.*, S.D.N.Y. Civil Action No. 23-cv-05409-LGS.

## INSTRUCTIONS

1. The wording of these Requests does not constitute an admission of what the facts or evidence will show.

2. Each document produced shall include all attachments and all enclosures referred to in the documents or that were originally attached to or enclosed with the document to be produced.

3. ESI should be produced in a manner that preserves all metadata.

4. If any document responsive to a Request cannot be produced in full, the reasons for such partial production should be specified in the corresponding response.

5. If no documents responsive to a Request are in Your possession, custody, or control, You should so state in the corresponding response.

6. If any Request is believed to be objectionable, a specific explanation of the basis for the objection should be specified in the corresponding response, and the Request should be complied with to the extent it is not objectionable.

7. If You believe that a Request, or any definition or instruction applicable to a Request is ambiguous or unclear, the perceived ambiguity should be specified in the corresponding response.

8. The instructions set forth in Fed. R. Civ. P. 26(b)(5) and S.D.N.Y and E.D.N.Y. Local Rule 26.2 regarding claims of privilege are incorporated herein by reference.

9. If a documents responsive to a Request is withheld under a claim of privilege, the corresponding response should state: (a) the type of privilege asserted; (b) the basis for such assertion; (c) the type of document (e.g., letter, email memorandum, contract, etc.); (d) the name, address, and titled of the author of the document and of any person who assisted in its preparation; (e) the name, address, and titled of each addressee or recipient of the document or any copies thereof; and (f) the present location of the document and the name, address and position of the person having custody of it.

10. If a document responsive to a Request has been destroyed or discarded, the corresponding response should identify the document and describe the circumstances pursuant to which the document was destroyed or discarded.

11. These Requests are continued in character, and should be promptly supplemented, pursuant to Fed. R. Civ. P. 26(e).

12. The relevant time period for these Requests is January 1, 2022 to the present.

## DOCUMENT REQUESTS

1. Any and all licensing agreements entered into with KSNY.

2. All notices of non-payment, notices of default, and/or notices of termination concerning Your license agreement with KSNY, and all communications (including text messages0 with KSNY regarding same.

3. All communications (including text messages) with KSNY concerning the termination of Your license agreement with KSNY.

4. All communications (including text messages) with KSNY concerning Your rights and/or obligations following the termination of Your license agreement with KSNY.

3

5. All communications (including text messages) with KSNY concerning the manufacture, distribution, and/or sale of KSNY branded merchandise following the termination of Your license agreement with KSNY.

6. Documents sufficient to show sales of KSNY branded merchandise following the termination of Your license agreement with KSNY.

7. Documents sufficient to show all royalties and/or fees paid to KSNY based on or arising out of sales of KSNY branded merchandise following the termination of Your license agreement with KSNY.