UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATE SPADE LLC, et al.,

                                Plaintiffs,                        **23-CV-05409 (LGS) (VF)**

                   -against-                                         **ORDER**

VINCI BRANDS LLC, et al.,

                                Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

        On December 23, 2024, Vinci Brands LLC moved by letter motion for an order (1) requiring non-party Himatsingka America, Inc. to produce documents in response to a subpoena issued on November 8, 2024, and (2) granting Vinci leave to serve Himatsingka by alternative means, such as certified mail and e-mail. See ECF No. 451. Vinci's letter motion is **GRANTED**.

        Rule 4 of the Federal Rules of Civil Procedure allows an individual located within a judicial district of the United States to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1), (2); see also Fed. R. Civ. P. 4(h)(1) (service on corporations). Rule 4 makes the state law of either the location where service is effected or the location of the district court equally applicable. Id. As is relevant here, in New York, service may be effected by service on an agent. See N.Y. C.P.L.R. § 308(3); see also N.Y. C.P.L.R. § 318 (stating that a person may be designated by a corporation as an agent for service).

        On November 11, 2024, Vinci properly served a subpoena to produce documents on Himatsingka. Himatsingka is a foreign business corporation in New York, and Vinci submitted proof that it served the subpoena on Himatsingka's registered agent. See ECF No. 451-1 at ¶ 3. To date, Himatsingka has not responded to the subpoena. Vinci's request to compel a response is

thus granted and Himatsingka is directed to respond to the subpoena within ten (10) business days from the entry of this order. That timeline is appropriate given the imminent deadline for the close of fact discovery. Accordingly, Himatsingka is directed to comply with the subpoena by no later than **January 17, 2025**, by producing all responsive documents in its possession, custody or control, or show cause why it should not be held in contempt for violation of the Court's order.

Vinci also requests permission to serve the Court's order on Himatsingka through alternate means, such as certified mail and e-mail. See ECF No. 451 at 2. But Vinci has not demonstrated that service through traditional means is impracticable. See, e.g., GP Acoustics (US), Inc. v. J&V Audio, Inc., 2017 WL 11570459, at *1 (S.D.N.Y. Sept. 13, 2017) (explaining that New York CPLR permits alternative service "when traditional service is 'impracticable' under § 311(a)(1)"). Nor has Vinci established that service via e-mail is reasonably calculated to notify Himatsingka of the Court's order. Id. (explaining that to meet constitutional requirements the method of service must be "reasonable calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections") (citations omitted). Vinci does not explain where it obtained the e-mail address it seeks to use; whether the e-mail address is, for example, the company's only listed e-mail address; or that Vinci has successfully communicated with Himatsingka through the e-mail address. Likewise, the only information provided about the mailing address Vinci seeks to use is that it is Himatsingka's U.S. address. To be sure, Vinci served the subpoena on Himatsingka's registered agent and Himatsingka has not responded. And Vinci's counsel has been unable to contact Himatsingka through any of the company's known phone numbers. See ECF No. 451-1

at ¶ 4. But despite Himatsingka's nonresponse, there is no evidence that service via Himatsingka's registered agent was unsuccessful.

Vinci is permitted to serve Himatsingka by certified mail to the U.S. address and e-mail address provided at ECF No. 451. Vinci is also required to serve a copy of this order on Himatsingka via service on its registered agent.

**SO ORDERED.**

DATED:   New York, New York
         January 2, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

3