UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KATE SPADE LLC, et al,

                            Plaintiffs,                        **23-CV-05409 (LGS) (VF)**

        -against-                                    **ORDER**

VINCI BRANDS LLC,

                            Defendants.
-------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On January 3, 2025, ACS Group Acquisitions, LLC ("ACS") filed a motion to compel JP Morgan Chase & Co. to produce documents in response to a subpoena. See ECF No. 453. The subpoena was addressed to JP Morgan Chase & Co. and served on CT Corporation System, the registered agent. ECF No. 453-2; ECF No. 453-1 at ¶¶ 2-3. The affidavit of service indicates that the subpoena was served on JP Morgan Chase Bank. ECF No. 453-3.

On March 14, 2025, counsel for non-parties JP Morgan Chase & Co., JP Morgan Chase Bank, N.A., and J.P. Morgan Securities LLC (collectively, "Chase") filed an opposition to ACS's motion to compel. See ECF No. 509. According to Chase, ACS did not serve the subpoena on the proper entity. The subpoena is addressed to JP Morgan Chase & Co. (see ECF No. 453-2), but it was served on a subsidiary, JP Morgan Chase Bank (see ECF No. 453-3). The proper entity for records, as Chase explains, is JP Morgan Chase Bank. ECF No. 509 at 1-2. On February 13, 2025, ACS served an identical subpoena addressed to the appropriate entity for the records sought—JP Morgan Chase Bank. Id. at 2. ACS's motion to compel, however, seeks compliance with the prior subpoena served on JP

Morgan Chase & Co. See ECF No. 513 (seeking to compel Chase "to comply with the subpoena served upon them (ECF 453)").

Chase argues that ACS's motion to compel should be denied because ACS did not serve a subpoena addressed to the appropriate entity who maintains the sought-after records. ECF No. 509 at 2. Chase does not address the merits of the subpoena and therefore does not raise an argument that the subpoena is unduly burdensome.

ACS was required to have served the entity named in the subpoena, from whom it seeks compliance (JP Morgan Chase & Co), but the subpoena was served on a different entity (JP Morgan Chase Bank). See Fed. R. Civ. P. 45(b)(1) (requiring that the subpoena be delivered "to the named person"); see also RCC Ventures, LLC v. Brandtone Holdings, Ltd., No. 17-CV-1585 (GHW), 2017 WL 3242331, at *2 (S.D.N.Y. July 28, 2017) (explaining that "service of process on a subsidiary does not automatically constitute valid service on the parent."). Further, without proper service on the named entity (JP Morgan Chase & Co.), the Court lacks personal jurisdiction over JP Morgan Chase & Co. to compel its compliance, as ACS seeks here. Gucci America, Inc. v. Weixing Li, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015) (explaining that court must have personal jurisdiction over a nonparty to compel it to comply with a Rule 45 subpoena and personal jurisdiction is obtained through proper service).

Accordingly, ACS's motion to compel compliance with the subpoena at ECF No. 453-2 is denied. ACS may refile its motion and seek compliance with the subsequently issued subpoena to JP Morgan Chase Bank. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 453.

**SO ORDERED.**

DATED:   New York, New York
         March 21, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

3