UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
KATE SPADE LLC, et al.,
                Plaintiffs,

        -against-                23 Civ. 5409 (LGS)

VINCI BRANDS LLC, et al.,
                Defendants.

-------------------------------------------------------------    **ORDER**

ACS GROUP ACQUISITION LLC,
                Third Party Plaintiff,

        -against-

CASE-MATE INC.,
                Third Party Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, in a Report and Recommendation (the "Report") dated May 1, 2025, Magistrate Judge Valerie Figueredo recommended holding nonparty Himatsingka America, Inc. ("Himatsingka") in contempt for failing to respond to Vinci Brands LLC's ("Vinci") subpoena and directing Himatsingka to pay Vinci's reasonable attorney's fees and costs incurred as a result of Himatsingka's contempt. No objection to the Report was filed.

       WHEREAS, the recommendation in the Report was based on a finding of Himatsingka's contempt under Federal Rule of Civil Procedure 45(g), which states that, "[t]he court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

WHEREAS, the recommendation was also based on findings that "[o]n November 8, 2024, Vinci issued a subpoena to produce documents to Himatsingka and provided notice of the subpoena to all parties to the instant action", "[o]n November 11, 2024, the subpoena was served on Himatsingka's registered agent" and "Vinci did not receive any response to the subpoena from Himatsingka, and when Vinci attempted to contact Himatsingka via its public telephone number, its calls went unanswered."  Dkt. No. 537 at 4-5.

WHEREAS, the recommendation was also based on findings that "[o]n January 2, 2025, the Court . . . directed Himatsingka to produce documents responsive to the subpoena by January 17, 2025, or show cause why it should not be held in contempt for violation of the Court's order" and "[d]espite receiving the subpoena and the Court's January 2, 2025 order by certified mail, e-mail, and service on its registered agent, Himatsingka failed to comply with the Court's order or otherwise respond to Vinci's subpoena."  Dkt. No. 537 at 5-6.

WHEREAS, the recommendation was also based on findings that "[o]n April 9, 2025, the Court issued an Order to Show Cause, directing Himatsingka, by April 21, 2025, to: '(1) explain its failure to abide by this Court's January 2, 2025 order, and (2) show cause why the Court should not (i) deem Vinci's motion to compel fully submitted and (ii) impose sanctions on Himatsingka for its failure to comply with the Court's January 2, 2025 order'" and that "[t]he Court warned Himatsingka that failure to abide by the Order to Show Cause will result in the Court deeming the matter fully submitted and unopposed."  Dkt. No. 537 at 7.

WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the

face of the record." *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023).  Further, "failure to object timely to a report waives any further judicial review of the report . . . if the party had received clear notice of the consequences of the failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *accord Mitchell v. Annucci*, No. 21-2784-PR, 2023 WL 7648625, at *3 (2d Cir. Nov. 15, 2023) ("It is well-established that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

WHEREAS, the Court finds no clear error on the face of the record as to the Report.  It is hereby

**ORDERED and ADJUDGED** that the Report is **ADOPTED**.  Himatsingka is in contempt for failing to respond to Vinci's subpoena, and Himatsingka is directed to pay Vinci's reasonable attorney's fees and costs incurred as a result of Himatsingka's contempt.  Vinci is directed to submit a fee application by August 19, 2025.

Dated: August 4, 2025
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3