**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
KATE SPADE LLC, et al.,

                          Plaintiffs,

                 -against-

VINCI BRANDS LLC, et al.,

                         Defendants.
------------------------------------------------------------------X
ACS GROUP ACQUISITION LLC,

                 Third Party Plaintiff,

                 -against-

CASE-MATE INC.,

                 Third Party Defendant.
------------------------------------------------------------------X

**23-cv-5409 (LGS) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

Pending before the Court is an application for attorney's fees submitted by Vinci Brands, LLC, seeking fees in connection with a motion to compel and a contempt motion filed against non-party Himatsingka American, Inc. ECF No. 569. For the reasons stated herein, Vinci's application for attorney's fees is **GRANTED** and Vinci is hereby awarded attorney's fees in the amount of $5,956.30.

<u>**BACKGROUND**</u>

On November 8, 2024, Vinci issued a subpoena for documents to Himatsingka. ECF No. 451-1 at ¶ 2; ECF No. 451-2. Himatsingka failed to respond to the subpoena and, consequently, on December 23, 2024, Vinci filed a letter motion to compel compliance with the subpoena. ECF No. 451. On January 2, 2025, the Court granted Vinci's letter motion and directed Himatsingka to respond to the subpoena by January 17, 2025. ECF No. 452. Vinci received no response by

that deadline and on January 31, 2025, Vinci filed a letter motion to hold Himatsingka in contempt for failing to respond to the subpoena. ECF No. 480.

On April 9, 2025, the Court ordered Himatsingka to explain its failure to abide by the Court's January 2 order and show cause why it should not be held in contempt. ECF No. 533. On April 30, 2025, Vinci filed an affidavit demonstrating that the Court's April 9 order had been served on Himatsingka. ECF No. 536. On May 1, 2025, the undersigned issued a report and recommendation, recommending that Himatsingka be held in contempt for failing to respond to Vinci's subpoena and directing Himatsingka to pay Vinci's reasonable attorney's fees and costs incurred as a result of Himatsingka's contempt. ECF No. 537. Himatsingka did not file any objections to the report and recommendation. The Honorable Lorna G. Schofield adopted the report and recommendation on August 4, 2025. ECF No. 558. To date, Himatsingka has failed to respond to the subpoena and has not appeared in this action to explain its refusal to comply with the Court's January 2 order or to challenge the Court's order finding it in contempt.

## DISCUSSION

"The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." Abel v. Town Sports Int'l, LLC, No. 09-CV-10388 (DF), 2012 WL 6720919, at *26 (S.D.N.Y. Dec. 18, 2012) (citing Blum v. Stenson, 465 U.S. 886, 897 (1984)). "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). In evaluating the hourly rates, a court looks at "what a reasonable paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Bergerson v. N.Y. State Office of Mental Health, 652 F.3d 277, 289

(2d Cir. 2011) (citation and quotation marks omitted). The hourly rate "must be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." TufAmerica Inc. v. Diamond, No. 12-CV-3529 (AJN), 2016 WL 1029553, at *5 (S.D.N.Y. Mar. 9, 2016) (internal quotation marks and citation omitted, alteration in original).

To receive attorneys' fees, a party "must document [its] application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Vinci has done that here, through a declaration of Paul A. Del Aguila, which also includes his firm's contemporaneous billing records. See ECF No. 569-1 at ¶ 4. Those billing records include a description of the work performed and the time expended by the particular attorney.

Vinci seeks attorney's fees for the work of two attorneys, Paul Del Aguila and Zachary Pelton. ECF No. 569-1 at ¶ 7. Mr. Del Aguila has been practicing law for over 20 years and specializes in complex commercial litigation, such as the underlying matter for which Vinci issued the subpoena. Id. at ¶ 8. He seeks an hourly rate of $650. Id. at ¶ 7. Mr. Pelton is an associate who has been practicing law for four years. Id. at ¶ 8. His practice focuses on commercial and business litigation, and he requests an hourly rate of $374.20. Id. at ¶¶ 7-8.

The hourly rates requested by Mr. Del Aguila and Mr. Pelton are reasonable given their respective experience, the complexity of the underling matter, and the nature of the work performed in seeking to compel Himatsingka to respond to the subpoena. Moreover, the requested rates are well within the hourly rates awarded in this District for attorneys with similar experience in commercial litigation matters. See, e.g., Vista Outdoor Inc. v. Reeves Family

3

Trust, No. 16-CV-5766 (JSR), 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (approving partner hourly rates in excess of $1,000); Themis Capital v. Democratic Republic of Congo, No. 09-CV-1652 (PAE), 2014 WL 4379100, at *7 (S.D.N.Y. Sept 4, 2014) (approving partner billing rate of over $800 and associate billing rate of $505).

Turning to the hours, Mr. Del Aguila billed 4.5 hours of time and Mr. Pelton billed 1.5 hours of time to the motions and related submissions. ECF No. 569-1 at ¶ 10; see also ECF No. 627. Mr. Del Aguila billed an additional 3.8 hours of time preparing the instant fee application.[1] ECF No. 627 at 3; ECF No. 627-1. In determining whether the hours requested are reasonable, the Court examines "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Reiter v. Metro. Transp. Auth. of State of NY, No. 01-CV-2762 (GWG), 2007 WL 2775144, at *9 (S.D.N.Y. Sept. 25, 2007) (citation and quotation marks omitted). The billing records do not contain instances of overbilling or duplicative work. Instead, the records reflect that the amount of time expended was reasonable in light of the work performed.

"[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Millea, 658 F.3d at 166 (quoting Arbor Hill, 522 F.3d at 183). Based on the analysis above, the approved attorney's fees for Vinci are as follows: $5,395 (8.3 hours by Mr. Del Aguila at an hourly rate $650); and $561.30 (1.5 hours by Mr. Pelton at an hourly rate of $374.20). In sum, Vinci is entitled to an award of attorney's fees in the amount of $5,956.30.

---

[1] Mr. Del Aguila's declaration states that he spent 2.9 hours on the fee application. ECF No. 569-1 at ¶ 11. However, Vinci's supplemental filing with the Court, which includes contemporaneous billing records, reflects that Mr. Del Aguila spent 3.8 hours on the fee application. ECF No. 627 at 3; ECF No. 627-1. For calculation of the instant award of fees, the Court has used the 3.8 hours of time reflected in the billing records.

**CONCLUSION**

For the foregoing reasons, Vinci's application for attorney's fees is **GRANTED**. Vinci is entitled to an award of attorney's fees in the amount of $5,956.30. The Clerk of Court is directed to terminate the motion at ECF No. 569.

**SO ORDERED.**

DATED:      New York, New York
            March 23, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

5